1
2
3
4
5
6
7
8

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MICROSOFT CORPORATION, a Washington corporation,<br><br>                    Plaintiff,<br><br>     v.<br><br>JOHN DOES 1-50 d/b/a Myauctionbiz.biz<br><br>                    Defendants. | No.<br><br>COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF |

Plaintiff Microsoft Corporation ("Microsoft") brings this action against JOHN DOES 1-50 d/b/a Myauctionbiz.biz.

### I. JURISDICTION AND VENUE

1.  This is an action for violation of the CAN-SPAM Act of 2003 (15 U.S.C. §7701 et seq.), the Washington Commercial Electronic Mail Act (RCW Ch. 19.190), the Washington Consumer Protection Act, and other state and federal causes of action.  Microsoft seeks damages and injunctive relief to remedy defendants' unauthorized use of Microsoft's computers and computer systems to send millions of misleading and deceptive unsolicited commercial e-mail messages, or "spam," in violation of federal and state law and Microsoft's policies.

COMPLAINT FOR DAMAGES AND
INJUNCTIVE RELIEF - 1

K:\00103\02629\TJA\TJA_P22A7

PRESTON GATES & ELLIS LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON  98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

2. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1338(a). The Court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367.

3. The Court has personal jurisdiction over the Defendants, who have engaged in business activities in and directed to Washington, have committed a tortious act within the state, have used personal property in the state, and have purposefully availed themselves of the opportunity to conduct commercial activities in this forum.

4. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b), because substantial part of the events or omissions giving rise to the claims pled herein occurred in the Western District of Washington.

## II.  THE PARTIES

5. Plaintiff Microsoft is a Washington corporation with its principal place of business in Redmond, Washington.

6. Microsoft is unaware of the true names and capacities of defendants sued herein as DOES 1 - 50 and, therefore, sues these defendants by such fictitious names. Microsoft will amend this complaint to allege their true names and capacities when ascertained. Microsoft is informed and believes and therefore alleges that each of the fictitiously named defendants is responsible in some manner for the occurrences herein alleged, and that Microsoft's injuries as herein alleged were proximately caused by such defendants.

7. The actions alleged herein to have been undertaken by the defendants were undertaken by each defendant individually, were actions that each defendant caused to occur, were actions that each defendant authorized, controlled, directed, or had the ability to authorize, control or direct, and/or were actions each defendant assisted, participated in, or otherwise encouraged, and are actions for which each defendant is liable. Each defendant aided and abetted the actions of the defendants set forth below, in that each defendant had

COMPLAINT FOR DAMAGES AND
INJUNCTIVE RELIEF - 2

K:\00103\02629\TJA\TJA_P22A7

PRESTON GATES & ELLIS LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON  98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

knowledge of those actions, provided assistance and benefited from those actions, in whole or in part. Each of the defendants was the agent of each of the remaining defendants, and in doing the things hereinafter alleged, was acting within the course and scope of such agency and with the permission and consent of other defendants. Each of the defendants knew, or consciously avoided knowing, that other defendants had or would engage in a pattern or practice that violated the CAN-SPAM Act of 2003.

### III.  NATURE OF MICROSOFT'S INTERNET E-MAIL SERVICES

8.  Microsoft owns and operates interactive computer services that enable its customers to, among other things, access the Internet and exchange electronic mail ("e-mail") on the Internet. Microsoft owns and maintains computers and other equipment, including specialized computers or "servers" that process e-mail messages and otherwise support its e-mail services. Microsoft maintains this equipment in Washington and California, among other states. E-mail sent to and from Microsoft's customers is processed through and stored on these computers. Microsoft is an internet service provider ("ISP"), a provider of "Internet Access Service" as defined by 15 U.S.C. §7702(11), and an "interactive computer service" as defined by RCW 19.190.010. Microsoft's computers and computer systems are "protected computers" under 15 U.S.C. § 7702(13) and 18 U.S.C. § 1030(e)(2).

9.  One of Microsoft's services is "MSN Hotmail" which provides free and subscription based e-mail on the Internet through a web-based e-mail service that can be accessed at www.hotmail.com. MSN Hotmail allows account-holders to exchange e-mail messages with any other e-mail user who has an Internet e-mail address throughout the world. MSN Hotmail has millions of registered accounts, whose users all have unique e-mail addresses ending in "@hotmail.com."

10.  Another of Microsoft's services is "MSN Internet Access" (referred to herein as "MSN") which provides free and subscription-based e-mail services that can be accessed on the web or via Microsoft's proprietary network. MSN allows account-holders to exchange

COMPLAINT FOR DAMAGES AND
INJUNCTIVE RELIEF - 3

K:\00103\02629\TJA\TJA_P22A7

PRESTON GATES & ELLIS LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

e-mail messages with any other e-mail user who has an Internet e-mail address throughout the world. MSN has millions of registered accounts, whose users all have unique e-mail addresses ending in "@msn.com."

## IV. SPAM AND THE PURPOSES BEHIND THE FEDERAL CAN-SPAM ACT AND THE WASHINGTON COMMERCIAL ELECTRONIC MAIL ACT

11. The United States Congress, in passing the CAN-SPAM[1] Act of 2003, concluded that "[u]nsolicited commercial e-mail, commonly known as 'spam', has quickly become one of the most pervasive intrusions in the lives of Americans." Indeed, Congress estimated that by the end of 2003, if not sooner, spam would account for over 50% of all e-mail. This is in sharp contrast to two years earlier when spam only accounted for 8% of all e-mail. Congress has concluded that the rate at which spam is increasing is "reaching critically high levels." In fact, in 2003, an estimated 2 trillion spam messages were expected to be sent over the Internet.

12. In addition to plaguing recipients by its sheer volume, spam is also notoriously deceptive in form and content. In April 2003, the Federal Trade Commission found that 66% of all spam contains "some kind of false, fraudulent, or misleading information, either in the e-mail's routing information, its subject line, or the body of its message." In fact, the FTC found that "one-third of all spam contains a fraudulent return e-mail address that is included in the routing information (known as the 'header') of the e-mail message". Congress found that falsified headers "not only trick ISP's increasingly sophisticated filters," but also "lure consumers into mistakenly opening messages from what appears to be people they know."

13. Congress also found that not only do spammers use false sender information, but they also use false or misleading subject lines. According to Congress, the FTC found that 42% of spam contains misleading subject lines that "trick the recipient into thinking that

---

[1] CAN-SPAM is an acronym for "Controlling the Assault of Non-Solicited Pornography and Marketing Act of 2003".

COMPLAINT FOR DAMAGES AND
INJUNCTIVE RELIEF - 4

K:\00103\02629\TJA\TJA_P22A7

PRESTON GATES & ELLIS LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

the e-mail sender has a personal or business relationship with the recipient." Congress provided examples of this type of false or misleading subject line: "Hi, it's me" and "Your order has been filled."

14.  The economic impact of spam is enormous. Congress noted that a 2001 European Union study found that "spam costs Internet subscribers worldwide $9.4 billion each year." Congress also noted that the estimated costs "to United States businesses from spam in lost productivity, network system upgrades, unrecoverable data, and increased personnel costs, combined, will top $10 billion in 2003." Of that amount, approximately $4 billion will be associated with lost employee productivity.

15.  With these findings as a backdrop, the United States Congress passed the CAN-SPAM Act. In so doing, Congress provided four specific purposes of the Act: "(i) prohibit senders of electronic mail (e-mail) for primarily commercial advertisement or promotional purposes from deceiving intended recipients or Internet service providers as to the source or subject matter of their e-mail messages; (ii) require such e-mail senders to give recipients an opportunity to decline to receive future commercial e-mail from them and to honor such requests; (iii) require senders of unsolicited commercial e-mail (UCE) to also include a valid physical address in the e-mail message and a clear notice that the message is an advertisement or solicitation; and (iv) prohibit businesses from knowingly promoting or permitting the promotion of, their trade or business through e-mail transmitted with false or misleading sender or routing information."

16.  As Congress recognized, the growth in unsolicited commercial electronic mail imposes significant monetary costs on providers of Internet access services that carry and receive such mail, as there is a finite volume of mail that such providers can handle without further investment in infrastructure. The sheer volume of spam is threatening to overwhelm not only the average consumer's in-box, but also the network systems of Internet access service providers.

COMPLAINT FOR DAMAGES AND
INJUNCTIVE RELIEF - 5

K:\00103\02629\TJA\TJA_P22A7

PRESTON GATES & ELLIS LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON  98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

17.  Washington State has likewise responded to the threat posed by spam.  In enacting the Commercial Electronic Mail Act, RCW Ch. 19.190, in 1998, Washington became one of the first states to regulate spam.  The Act recognizes that the spamming practices prohibited by the Act are "matters vitally affecting the public interests" and are unfair and deceptive practices which have a significant negative impact on Washington businesses and consumers.

18.  Microsoft has invested substantial time and money in efforts to protect itself and its equipment from spam and the spammers who promote and profit from spam, as well as in efforts to protect its registered users worldwide from receiving spam.

19.  Microsoft has a clearly articulated policy prohibiting the use of its services for junk e-mail, spamming, or any unsolicited messages (commercial or otherwise).  Microsoft's policies also prohibit automated queries of any sort, harvesting or collection of e-mail addresses, and any use of the services that is not personal and non-commercial.  These policies are included in the Terms of Use for MSN and MSN Hotmail, which can be accessed via a clearly marked link on www.msn.com, as well as on the home pages for each of the services.

### V. DEFENDANTS' UNLAWFUL CONDUCT

20.  Microsoft is informed and believes, and on that basis alleges, that defendants have been—and are currently—involved in widespread spamming by sending misleading, deceptive and unsolicited commercial e-mail to MSN Hotmail account holders.

21.  Microsoft is informed and believes, and on that basis alleges, that defendants own or operate a number of Internet domains associated with websites that promote the sale of kits that train persons how to "Earn HUGE Profits On eBay."  Those domain names include, but are not limited to:  <29jfen.info>, <4rfv.info>, <awwicnd.info>, <bbccddee.biz>, <ccddeeff.biz>, <cmrirugh.info>, <cnzcnie.info>, <cunfh5h.info>, <djenis.info>, <dkenis.info>, <ebayvideo.net>, <ensie.info>, <fdnxir0of.info>, <fsj03.info>, <ghjbnm.biz>,

COMPLAINT FOR DAMAGES AND
INJUNCTIVE RELIEF - 6

K:\00103\02629\TJA\TJA_P22A7

PRESTON GATES & ELLIS LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON  98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

<lewndixj.info>, <iwenudh.info>, <jjlsdse.info>, <jjlsdse.info>, <kseiodn.info>, <lfeins.info>, <lmvieux9.info>, <lsdkne.info>, <lsense.biz>, <Lwenisz.info>, <mesncje.info>, <mnsdfh.info>, <msenieje.info>, <myauctionbiz.biz>, <Neufh.info>, <nfdvijd.info>, <nidueh.info>, <nvndsj.info>, <oiukjh.info>, <powenei.biz>, <powndiz.info>, <pwemicu3.info>, <qpksd.info>, <qxsubfg.info>, <rtyfgh.biz>, <slinendi.info>, <Slknseis.info>, <slvcei.info>, <Sneihz.info>, <svniejf.info>, <vfrbgt.biz>, <vnjicd.info>, <weniez.info>, <wersdf.biz>, <woiejf.info>, <Wuwensd.info>, <xhjwien.info>, <xnsidh4h.info>, and <xswcde.biz>.

22.  Microsoft is informed and believes, and on the basis alleges, that defendants have sent millions of commercial e-mail messages to its MSN and MSN Hotmail service that contain those, and other, domain names advertising defendants' products.

23.  Many of those commercial e-mail messages are sent through open proxies, or hijacked computers, thereby disguising the true sender of the e-mail messages. The use of open proxies or hijacked computers misrepresents or obscures the point of origin or transmission path of the e-mails and renders the headers materially false and materially misleading.

24.  Many of defendants commercial e-mails include Microsoft's <hotmail.com> or <msn.com> domain names in the "From:" header to falsely suggest that the messages were sent from, or through, Microsoft's servers. Defendants do not have permission to use Microsoft's domain names in this manner, and the use of Microsoft's domain names in this manner misrepresents or obscures the point of origin or transmission path of the e-mails and renders the headers materially false and materially misleading.

25.  Many of defendants' commercial e-mails use the domain names of innocent third-parties, including but not limited to the domain names <aol.com>, <att.net>, <earthlink.net>, and <yahoo.com>. Microsoft is informed and believes, and on that basis alleges, that defendants did not have permission to use those domain names, and the use of
COMPLAINT FOR DAMAGES AND
INJUNCTIVE RELIEF - 7

K:\00103\02629\TJA\TJA_P22A7

PRESTON GATES & ELLIS LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

1  those domain names misrepresents or obscures the point of origin or transmission path of the
2  e-mails and renders the headers materially false and materially misleading.

3  26. Many of defendants' commercial e-mails contain falsified or "spoofed"
4  Internet Protocol addresses, including Internet Protocol addresses assigned to Microsoft. The
5  use of such IP addresses misrepresents or obscures the point of origin or transmission path of
6  the e-mails and renders the headers materially false and materially misleading.

7  27. Many of defendants' commercial e-mails lack a valid physical postal address
8  of the sender and lack clear and conspicuous identification that the message is an
9  advertisement or solicitation.

10 28. Many of defendants' commercial e-mails have false or misleading information
11 in the subject line or subject heading, such as: "Auction completed successfully" or "I will
12 remember you." Many messages contain a first name in the subject line, such as "Shelby," or
13 "Jayson." The use of such subject lines are likely to mislead a recipient, acting reasonably
14 under the circumstances, about a material fact regarding the contents or subject matter of the
15 message.

16 29. Microsoft has been adversely affected by defendants' actions. As a result of
17 defendants' activities, Microsoft's computer equipment and servers were required to process
18 millions of improper spam e-mails, as well as "bounce back" e-mails which had been sent by
19 defendants to non-existent, out-dated or incorrect e-mail addresses. This significant number
20 of e-mails has taken up substantial amount of Microsoft's finite computer space, threatens to
21 delay and otherwise adversely affect MSN Hotmail subscribers in sending and receiving
22 legitimate e-mail, and has resulted in and continues to result in significant costs to Microsoft.

**COUNT I**
**(Violation of the Federal Controlling the Assault of Non-Solicited Pornography and Marketing Act of 2003—"CAN-SPAM" (15 U.S.C. § 7704(a)(1)))**

25 30. Microsoft realleges paragraphs 1-29 of this Complaint as if fully set forth
26 herein.

COMPLAINT FOR DAMAGES AND
INJUNCTIVE RELIEF - 8

K:\00103\02629\TJA\TJA_P22A7

PRESTON GATES & ELLIS LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

31. Defendants initiated the transmission, to protected computers, of commercial e-mail messages that contained, or were accompanied by, header information that is materially false or materially misleading.

32. Defendants' actions were willful and knowing.

33. As a result of defendants' actions, Microsoft has been damaged in an amount to be proven at trial.

34. Defendants' actions violated 15 U.S.C. § 7704(a)(1), and entitle Microsoft to injunctive relief, statutory damages and aggravated damages under 15 U.S.C. § 7704(g)(3)(C)(i)-(ii) because of defendants' willful and knowingly violation of the CAN-SPAM Act and because defendants knowingly relayed or retransmitted commercial e-mail messages that were unlawful under 15 U.S.C. § 7704(a) from a protected computer or computer network that they had accessed without authorization.

**COUNT II**
**(Violation of the Federal Controlling the Assault of Non-Solicited Pornography and Marketing Act of 2003—"CAN-SPAM" (15 U.S.C. § 7704(a)(2) and (5))**

35. Microsoft realleges paragraphs 1-34 of this Complaint as if fully set forth herein.

36. Defendants engaged in a pattern or practice of initiating, to protected computers, commercial e-mail messages that:

   a) contained subject headings that defendants knew, or reasonably should have known, were likely to mislead a recipient, acting reasonably under the circumstances, about a material fact regarding the contents or subject matter of the messages;

   b) failed to contain a functioning return e-mail address or other Internet-based mechanism, clearly and conspicuously displayed, that a recipient could use to submit a reply e-mail message or other form of Internet-based communication

COMPLAINT FOR DAMAGES AND
INJUNCTIVE RELIEF - 9

K:\00103\02629\TJA\TJA_P22A7

PRESTON GATES & ELLIS LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

requesting not to receive future commercial e-mail messages from that sender at the e-mail address where the message was received; and

    c)    failed to include a clear and conspicuous identification that the message was an advertisement or solicitation, failed to provide a clear and conspicuous notice of the opportunity to decline to receive further commercial electronic mail messages from the sender; or failed to provide a valid physical postal address of the sender.

37.    Defendants' actions were willful and knowing.

38.    As a result of defendants' actions, Microsoft has been damaged in an amount to be proven at trial.

39.    Defendants' actions violated 15 U.S.C. § 7704(a)(2), (a)(3) and (a)(5), and entitle Microsoft to injunctive relief, statutory damages and aggravated damages under 15 U.S.C. § 7704(g)(3)(C)(i)-(ii) because of defendants' willful and knowingly violation of the CAN-SPAM Act and because defendants knowingly relayed or retransmitted commercial e-mail messages that were unlawful under 15 U.S.C. § 7704(a) from a protected computer or computer network that they had accessed without authorization.

## COUNT III
### (Trespass to Chattels)

40.    Microsoft realleges and incorporates by this reference each and every allegation set forth in paragraphs 1 through 39 above.

41.    The computers, computer networks and computer services that constitute Microsoft's MSN Hotmail e-mail system are the personal property of Microsoft.

42.    Defendants were aware that their actions were specifically prohibited by Microsoft's Terms of Service and/or were on notice that Microsoft did not authorize their actions in any way.

43.    Defendants have knowingly, intentionally and without authorization used and intentionally trespassed upon Microsoft's property.

COMPLAINT FOR DAMAGES AND
INJUNCTIVE RELIEF - 10

K:\00103\02629\TJA\TJA_P22A7

PRESTON GATES & ELLIS LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

44. As a result of defendants' actions, Microsoft has been damaged in an amount to be proven at trial.

### COUNT IV
### (Conversion)

45. Microsoft realleges and incorporates by this reference each and every allegation set forth in paragraphs 1 through 44 above.

46. Defendants have willfully interfered with and converted Microsoft's personal property, without lawful justification, as a result of which Microsoft has been deprived of possession and use of its property.

47. As a result of defendants' actions, Microsoft has been damaged in an amount to be proven at trial.

### COUNT V
### (Violation of the Washington Commercial Electronic Mail Act (RCW Ch. 19.190) and the Washington Consumer Protection Act (RCW Ch. 19.86))

48. Microsoft realleges and incorporates by this reference each and every allegation set forth in paragraphs 1 through 47 above.

49. Defendants initiated the transmission, conspired with one another to initiate the transmission or assisted in the transmission of commercial e-mail messages from a computer located in Washington and/or to an e-mail address that they knew, or had reason to know, is held by a Washington resident. Those commercial e-mail messages:

a) used Microsoft's or another third party's internet domain names without permission;

b) misrepresented or obscured information identifying the true point of origin or the transmission path of a commercial electronic e-mail message; or

c) contained false or misleading information in the subject line.

50. As a result of defendants' actions, Microsoft has been damaged in an amount to be proven at trial.

COMPLAINT FOR DAMAGES AND
INJUNCTIVE RELIEF - 11

K:\00103\02629\TJA\TJA_P22A7

PRESTON GATES & ELLIS LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

51. Defendants' actions violated RCW § 19.190.020, and entitle Microsoft to actual damages or statutory damages of $1,000 per e-mail, whichever is greater.

52. Defendants' actions affected the public interest, are unfair or deceptive acts in trade or commerce and unfair methods of competition, and violated the Washington Consumer Protection Act, RCW Ch. 19.86. Microsoft is entitled to treble damages and an award of its attorneys' fees and costs under that Act.

### COUNT VI
### (Violation of the Lanham Act – 15 U.S.C. § 1125(a))

53. Microsoft realleges and incorporates by this reference each and every allegation set forth in paragraphs 1 through 52 above.

54. Defendants used the designations "msn.com" and "hotmail.com," which incorporate Microsoft's registered trademarks and service marks, are words, terms, names, or combinations thereof, used in interstate commerce in connection with goods and services.

55. Defendant's conduct constitutes intentional and willful infringement of Microsoft's registered trademark and service mark and unfair competition.

56. Defendants' conduct is likely to cause confusion, mistake, or deception as to defendants' affiliations, connection, or association with Microsoft, or as to the origin, sponsorship, or approval of their goods or services, or commercial activities.

57. Microsoft has been damaged by these acts in an amount to be proved at trial. Microsoft is also entitled under the Lanham Act to injunctive and equitable relief against defendants.

### **PRAYER FOR RELIEF**

WHEREFORE, Microsoft respectfully requests that the Court enter judgment against defendants, jointly and severally, as follows:

1. That the Court issue temporary and permanent injunctive relief against defendants, and that defendants, their officers, agents, representatives, servants, employees,

COMPLAINT FOR DAMAGES AND
INJUNCTIVE RELIEF - 12

K:\00103\02629\TJA\TJA_P22A7

PRESTON GATES & ELLIS LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

attorneys, successors and assignees, and all others in active concert or participation with defendants, be enjoined and restrained from:

    a)    establishing any accounts with Microsoft's MSN or MSN Hotmail services;

    b)    using Microsoft's computers and computer systems in connection with sending commercial e-mail messages;

    c)    making unauthorized use of Microsoft's computers, computer systems, or intellectual property;

    d)    continuing to violate Microsoft's Terms of Service;

    e)    continuing to violate the CAN-SPAM Act of 2003, or the Washington Commercial Electronic Mail Act; and

    f)    assisting, aiding, or abetting any other person or business entity in engaging in or performing any of the activities referred to in subparagraphs a) through e) above.

2. That the Court award Microsoft actual damages, liquidated damages and statutory damages, in amount to be proven at trial;

3. That the Court award Microsoft its attorneys' fees and costs incurred herein; and

4. That the Court grant Microsoft such other or additional relief as is just and proper.

DATED this 27th day of October, 2004.

PRESTON GATES & ELLIS LLP

By _____
David A. Bateman, WSBA # 14262
Theodore J. Angelis, WSBA #30300
Attorneys for Plaintiff
Microsoft Corporation

COMPLAINT FOR DAMAGES AND
INJUNCTIVE RELIEF - 13

K:\00103\02629\TJA\TJA_P22A7

PRESTON GATES & ELLIS LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022