The Honorable John C. Coughenour

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

MICROSOFT CORPORATION, a Washington corporation,

    Plaintiff,

    v.

KEVIN HERTZ, et al.,

    Defendants.

CASE NO. C04-2219C

ORDER

    This matter has come before the Court on Plaintiff's motion to compel discovery responses from Defendant Marlon Phillips. For the reasons that follow, Plaintiff's motion is GRANTED.

    Plaintiff's motion pertains to the interrogatories and requests for production served on Defendant Phillips on February 14, 2006. As Plaintiff explains, "[t]hose discovery requests sought to investigate Phillips' spamming operation and his vast network of spamming activities." (Mot. 3.) Defendant Phillips defends his responses or lack thereof on the grounds that (1) Plaintiff's discovery required Phillips to produce records pertaining to and belonging to Map Com (or Mapcom), a company in which Phillips is the sole owner (*see* Mot. 4), (2) the requests were overbroad because they sought information and

ORDER - 1

documents related to any and every activity, business and otherwise, undertaken by Phillips, and (3) Plaintiff's discovery sough information beyond the scope of the allegations in the complaint.

Phillips's objections to the discovery are not well-taken. First, Phillips's objection that Plaintiff's discovery "appear[s] to seek information and documents from Map Com" (*see* Opp'n 3) is largely irrelevant. Plaintiff is correct in pointing out that Rule 34(a) permits a party to obtain discovery of things in the discovery target's "possession, custody or control". FED. R. CIV. P. 34(a). Nowhere do the rules prohibit a party from obtaining discovery of a document from one party if it may also be obtained from another party. Indeed, parties are not even required to execute discovery in the most efficient and cost-effective way possible. Rather, they are obliged not to impose *undue* burden or *harass*. Here, Defendant Phillips has not shown that Plaintiff's discovery does either. Thus, to the extent that any of Plaintiff's requested discovery is in Phillips's possession, custody or control, Phillips is required to respond to such discovery accordingly. In addition, the fact that Plaintiff has also requested some of the same material directly from Map Com is irrelevant and does not relieve Phillips of his burden to respond fully and appropriately.

Second, Phillips's objections are stated with insufficient specificity. At the beginning of Phillips's responses is a catalogue of eleven "General Objections". Among these "General Objections" are objections regarding assertions of privilege, the "Irrelevancy Objection," the "Undue Burden Objection", the "Ambiguity Objection", the "Overbreadth Objection", the "Time Frame Objection" and the "Trade Secret Objection".

The Time Frame Objection and the Irrelevancy Objection are similar in that they seem to argue that a request goes beyond the scope of Plaintiff's complaint. The Undue Burden, Ambiguity, and Overbreadth objections are as they seem. The Trade Secret Objection and the frequently invoked privacy

ORDER - 2

interest both purport to require entry of a protective order. The privilege-related objections were never invoked.

With respect to the invasion of privacy and Trade Secret objections, Phillips does not argue that the presently entered protective order insufficiently protects his interests. Nevertheless, in an abundance of caution and in the interests of preserving Defendant's privacy, Phillips will be given an opportunity to come to an agreement with Plaintiff as to a protective order that he deems sufficiently protective of his interests. Such protective order shall be submitted to the Court within ten (10) judicial days of entry of this Order.

With respect to Phillips's objections to interrogatories as unduly burdensome and harassing, a responding party bears the burden of showing that an interrogatory is unduly burdensome or harassing. Phillips has failed to do so either in his responses to the interrogatories and requests for production or in his opposition to Plaintiff's motion to compel. Indeed, it appears to the Court that most of the interrogatories and requests for production deemed unduly burdensome by Phillips are patently inoffensive and limited in their scope. (*See, e.g.*, Interrog. # 3 ("Please identify each company, business or other entity at which you were employed, or from which you derived income, since January 1, 2004"); Interrog. # 4 ("Please identify all Internet domain names and IP addresses owned by, assigned to, registered to, controlled by, or used by you"); Interrog. # 5 ("Please identify all persons who have provided you hosting services").) Because Phillips has failed to sustain his burden with respect to this objection, the Court overrules each and every assertion of the "Undue Burden Objection".

Phillips's assertion of the "Overbreadth Objection" and the "Ambiguity Objection" suffer from similar defects. In each and every case, Phillips fails to explain wherein lie the overbreadth and ambiguity in the discovery request. For this reason, and for the reasons set forth above as to the "Undue

ORDER - 3

1   Burden Objection," the Court overrules each and every assertion of the "Overbreadth" and "Ambiguity"
2   objections.

3     Phillips's "Time Frame" and "Irrelevancy" objections are similarly insufficiently explained.
4   Parties are permitted to take discovery "regarding any matter, not privileged, that is relevant to the claim
5   or defense of any party." FED. R. CIV. P. 26(b)(1). That some of Plaintiff's requests may have requested
6   information beyond the scope of the allegations in its complaint is simply irrelevant if the requests are
7   "reasonably calculated to lead to the discovery of admissible evidence." *Id*. Accordingly, the Court
8   overrules Phillips's assertions of the "Time Frame" and "Irrelevancy" objections.

9     Like his latter two objections, Phillips's "Redundancy Objection" applies the wrong standard.
10  Discovery may not be "*unreasonably* cumulative or duplicative." FED. R. CIV. P. 26(b)(2) (emphasis
11  added). However, it may be somewhat cumulative or duplicative. Therefore, that a request is redundant
12  does not render it impermissible. Accordingly, the Court overrules Phillips's "Redundancy" objections.

13    Third, Phillips's attempt to limit his responses on the principle that he "personally" did not engage
14  in the activity in question is invalid. The questions posed by Plaintiff to which Phillips asserts that he was
15  not "personally" involved do not *ask* whether Phillips engaged in a particular activity in his personal
16  capacity or as an employee/owner of Map Com. They ask about Phillips's activities without specifying
17  that the activities had to be taken in his personal capacity. Therefore, Phillips must supplement his
18  current answers regarding his "personal" involvement with answers reflecting and including any actions
19  he took covered by the question, whether the actions were taken on his own behalf, on behalf of Map
20  Com, or at the behest of anybody else, if applicable.

21    In accordance with the foregoing, it is hereby ORDERED that

22    1. Microsoft's Motion to Compel Discovery Responses from Defendant Marlon Phillips be
23  GRANTED.

24

ORDER - 4

2. No later than 10 days from the date of this order, Phillips shall provide full and complete responses to each of the following discovery requests:

- Interrogatory 2 and RFP 2
- Interrogatories 4, 5, 6, 7, 10, 11, 13, 15 and RFPs 4, 5, 6, 7, 10, 11, 12, 13, 14, 15 16, and 17
- RFP 1(b), 20, Interrogatory 14
- Interrogatory No. 8 and RFP 8
- Interrogatories 16-24 and RFPs 21-29
- Interrogatory No. 3 and RFP 3
- Interrogatory No. 9 and RFP 9
- Interrogatory No. 12

3. Microsoft is granted an extension of 60 days in which to conduct discovery relating to Defendant Phillips.

4. Defendant Phillips is ordered to SHOW CAUSE why Plaintiff should not be awarded its fees and costs pursuant to Rule 37(a)(4)(A). Defendant's response shall be due June 2, 2006. Plaintiff's response to Defendant's filing must be made by June 6, 2006. Defendant may file a reply by June 9, 2006.

In addition, Defendant Phillips is directed to ensure that going forward, his filings with this Court comply with the local rules operative in this district.

SO ORDERED this 24th day of May, 2006.

_John C. Coughenour_
UNITED STATES DISTRICT JUDGE

ORDER - 5